HAROLD O. ALLIGOOD v. ED HENNING

No. 762DC269

(Filed 7 July 1976)

**Contracts § 27— oral contract for landscaping services — breach — sufficiency of evidence**

Evidence was sufficient for the jury to determine that there was an oral contract between the parties whereby plaintiff obligated himself to do landscaping work around defendant's restaurant, defendant breached the contract, and plaintiff was entitled to recover $1306 from defendant for work performed before the breach.

APPEAL by defendant from *Ward, Judge.* Judgment entered 14 November 1975 in District Court, BEAUFORT County. Heard in the Court of Appeals 17 June 1976.

*Carter & Ross, by W. B. Carter, for plaintiff appellee.*

*Wilkinson & Vosburgh, by James R. Vosburgh, for defendant appellant.*

VAUGHN, Judge.

Plaintiff offered evidence tending to show the following:

Defendant is the franchise owner and operator of a restaurant. Plaintiff is engaged in the business of landscaping and land clearing. Defendant needed some landscaping work done around the restaurant which was then under construction. Plaintiff told defendant that he was not interested in designing the landscape plan but that he would furnish the labor, equipment and materials. Defendant agreed to pay John Alpar $100.00 to draw up the plan. Plaintiff and defendant agreed that plaintiff would furnish the labor and equipment at an hourly rate of $15.00 and be reimbursed for the cost of materials used on the job. Before plaintiff ever started the project, he told defendant that Alpar was dragging his feet "and would not prepare the plan." Defendant told plaintiff that he would talk with Alpar. Later defendant told plaintiff to go ahead and start the project. At that time, Alpar had not prepared a written plan and he never did prepare such a plan. Plaintiff moved his equipment to the job site and started work. Alpar visited the site and made oral suggestions and plaintiff carried them out. Defendant was present during some of these conversations. Defendant visited the site from time to time and

---

Alligood v. Henning

---

never expressed any objections to the work that was being done. Defendant wrote one check for $50.00 payable to Alpar and plaintiff delivered the check. While plaintiff was attempting to do the work he was employed to do, another grading contractor was on the site doing some work. Plaintiff felt that he was moving some dirt that should have been moved by that contractor and called this to defendant's attention. On one day, plaintiff arrived at the site and saw someone else there also doing landscaping work. He told defendant that if defendant had someone else to finish the job, he would leave. Defendant told plaintiff to submit his bill. The next day, plaintiff submitted his bill for labor and equipment in the amount of $1425.00 and for materials purchased in the amount of $550.00 for a total of $1975.00. Defendant then told him to make up two separate bills, one for $1450.00 and another for $525.00, and plaintiff did this. The $525.00 was for the work that plaintiff did that both plaintiff and defendant thought should have been done by the other grading contractor. Plaintiff did this so that defendant could submit the $525.00 bill to the general grading contractor. Plaintiff never agreed to reduce his bill by that amount. Defendant has never paid plaintiff anything.

Defendant denied the material allegation of the complaint. He alleged that plaintiff agreed to landscape the premises according to plans to be drawn by Alpar and that "it was the understanding of the defendant" that the project would cost $1,000.00. Defendant counterclaimed for $1,325.00 minus a $610.00 set-off as the value of plaintiff's services and offered evidence tending to show that plaintiff had breached the contract.

The jury found that there was a contract between the parties as alleged by plaintiff, that defendant breached the contract and that plaintiff was entitled to recover $1306.00 from defendant.

Defendant first contends that the court should have entered a directed verdict against the plaintiff. We have carefully considered defendant's argument in support of that contention but cannot agree with him. We have set out plaintiff's evidence in some detail, and it appears clear to us that the case was one for the jury.

Defendant's other two assignments of error are based on the single contention that the judge erred when he did not sub-

mit additional issues as requested by defendant. Ordinarily, the form and the number of the issues is a matter that rests in the discretion of the trial judge. The issues as submitted were sufficient to present the material questions that were in dispute and to give plaintiff and defendant the full benefit of their contentions before the jury. Moreover, there was no objection to the issues that were submitted. The jury's answers to those issues would have precluded consideration of the issues proposed by defendant, even if they had been submitted.

We find no errors of law that require a new trial.

No error.

Judges MORRIS and CLARK concur.